# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>ABSOLUTE MEDICAL, LLC, et al.,<br><br>                    Defendants. | Case No.: 18cv1844-GPC-MDD<br><br>**ORDER ON NUVASIVE'S MOTIONS TO COMPEL NON-PARTIES ALPHATEC SPINE INC., PATRICK MILES AND CRAIG HUNSAKER TO COMPLY WITH SUBPOENAS**<br><br>**[ECF NOS. 2, 9 and 10]** |

## BACKGROUND

Before the Court are three motions to compel compliance with subpoenas issued in connection with a case pending in the Middle District of Florida, *NuVasive Inc. v. Absolute Medical, LLC, Absolute Medical Systems, LLC, Greg Soufleris, Dave Hawley and Ryan Miller,* Civil Case No. 6:17cv2206-ORL-41GJK. The lawsuit alleges that Defendant Absolute Medical, LLC, violated a contract with Plaintiff in which Defendant was bound to sell Plaintiff's products exclusively. The Complaint alleges that

Defendant Soufleris, the owner of Absolute Medical, LLC, formed Absolute Medical Systems, LLC, ("AMS") to avoid contractual limitations. Defendants Hawley and Miller are alleged to be salespersons who participated in the breach of contract by selling and attempting to sell competitor's products. A copy of the First Amended Complaint in the underlying action was filed in connection with this motion at ECF No. 9-3. The FAC identifies the competitor as Alphatec Spine, Inc. NuVasive has sued Alphatec for patent infringement in this Court in Case No. 18-cv-0347-CAB-MDD.

Pursuant to Rule 45, Fed. R. Civ.P., Plaintiff served subpoenas duces tecum upon Alphatec, its CEO and Chairman, Patrick Miles, and its General Counsel, Craig Hunsaker. Each objected to the subpoenas and did not comply. Plaintiff moved to compel Alphatec to comply on August 6, 2018. (ECF No. 2). On August 17, 2018, Plaintiff moved to compel Mr. Miles (ECF No. 10) and Mr. Hunsaker (ECF No. 9) to comply. Each timely responded in opposition.

## LEGAL STANDARDS

Rule 45 governs obtaining information by subpoena from non-parties. Under Rule 45(d)(1), the requesting party or attorney "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A non-party subject to a subpoena duces tecum "deserve[s] extra protection from the courts." *High Tech Medical Instrumentation v. New Image Indus.,* 161 F.R.D. 86, 88 (N.D.Cal.1995) (citing *United States v. Columbia Broadcasting System,* 666 F.2d 364, 371–72 (9th Cir.1982)). And, Rule 45(d)(1) requires this Court, the court where compliance is required, to "enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply."

Apart from the special duty imposed on the requesting party by Rule

45(d)(1), Rule 26(b), Fed. R. Civ. P., provides that discovery may be obtained only if it is relevant to any party's claim or defense and proportional to the needs of the case. *See Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 503 (E.D. Cal. 2012).

## DISCUSSION

First, regarding relevance, Plaintiff states, upon information and belief, that the respondents have relevant information because of the allegations in the underlying action that Defendants breached their agreements with Plaintiff by selling Alphatec products. (*See* ECF No. 2 at 6, ECF No. 9-1 at 5, ECF No. 10-1 at 5). This assertion, coupled with an alleged admission by Defendant Soufleris that he and Defendant Hawley communicated with Alphatec, is sufficient to satisfy the relevance requirement for the subpoena to Alphatec. But there is nothing in the pleadings nor in the FAC to support Plaintiff's "information and belief" that Mr. Miles or Mr. Hunsaker personally have relevant information. On this basis alone, the Court denies the motion to compel and quashes the subpoenas to Mr. Miles and Mr. Hunsaker.

Also, the subpoenas to Mr. Miles and Mr. Hunsaker, which appear to be identical, call for the production of business communications and documents of Alphatec. Plaintiff presents nothing suggesting that these individuals possess information beyond that which could be obtained from Alphatec. Moreover, to the extent that the subpoenas call for the production of documents and communications with Defendants, Plaintiff provides no basis for believing that this information is not available from Defendants. Courts have expressed a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests. *See Soto,* 282 F.R.D. at 505. Plaintiff admits to having received many of the documents requested in the subpoena from Defendants including agreements, sales and

commission data and communications between Alphatec and Absolute Medical employees. (*See* ECF No. 2 at 9). Plaintiff does not suggest that the production had gaps that may be remedied by obtaining the requested information from these individuals. *See Shasta Linen Supply, Inc., v. Applied Underwriters, Inc.,* Nos. 2:16-cv-00158 and 01211, 2018 WL 2981827 *4 (E.D. Ca. June 14, 2018). Consequently, in addition to denying the motions to compel compliance by Mr. Miles and Mr. Hunsaker because of lack of relevance, the motions are denied for Plaintiff's failure to take reasonable steps to avoid an undue burden upon these individuals.

Regarding the subpoena to Alphatec, although general relevance has been demonstrated, the Court finds that Plaintiff failed to take reasonable steps to avoid undue burden to Alphatec and has not demonstrated relevance regarding certain requests. As mentioned above, Plaintiff admits to having received many of the documents requested in the subpoena from Defendants including agreements, sales and commission data and communications between Alphatec and Absolute Medical employees. (*See* ECF No. 2 at 9). Plaintiff does not suggest that the production had gaps that may be remedied by obtaining the requested information from Alphatec. *See Shasta Linen Supply, Inc., v. Applied Underwriters, Inc.,* Nos. 2:16-cv-00158 and 01211, 2018 WL 2981827 *4 (E.D. Ca. June 14, 2018). Plaintiff asserts that communications between Alphatec and individuals not employed by Defendants could not be obtained from Defendants. Plaintiff does not identify those individuals in their brief but a review of the subpoena leads the Court to believe that Plaintiff is referring to "Liz Lukianov" and "Brian Gottstein." (*See* ECF No. 11-2 at 10-11).

In the FAC, Mr. Gottstein is alleged to be a former employee of Absolute who now works for Alphatec. No reason, beyond that, is given to support

4

18cv1844-GPC-MDD

asserted information and belief that all of Alphatec's communications with Mr. Gottstein are relevant. At a minimum, the Gottstein requests are overbroad. Moreover, if the allegation is that Mr. Gottstein assisted in Absolute's breach of contract while he was employed with Absolute, those records should be obtained in the first instance from Absolute or a more focused request should have been propounded. The Court could not find a reference to Ms. Lukianov in the FAC nor in Plaintiff's moving papers.

## SANCTIONS

Having found the subpoenas were served by Plaintiff without taking reasonable steps to avoid imposing an undue burden, the Court is required, under Rule 45(d)(1), to consider sanctions. Regarding the subpoena to Alphatec, the Court finds that sanctions are not warranted because the majority of the information sought is relevant. Plaintiff's error is in failing to demonstrate that the production of these very records from Defendants was insufficient. To the extent that Plaintiff failed to demonstrate relevance regarding Ms. Lukianov and Mr. Gottstein, although sanctions could be awarded regarding that portion of the request, respondent Alphatec spent little to no time addressing these individuals.

It is a different matter regarding the subpoenas to Patrick Miles and Craig Hunsaker. Plaintiff provides no basis to believe that these individuals, the CEO and General Counsel respectively of Alphatec, personally possess the information requested. The Court is of the firm belief that the subpoenas to these individuals were served in bad faith, intended only to harass. The Court believes that the reasonable attorney's fees incurred by Mr. Miles and Mr. Hunsaker should be recovered from Plaintiff.

Mr. Miles and Mr. Hunsaker had the same lawyer, Keith M. Cochran, Esquire, who submitted declarations regarding his background, the time

spent responding to each motion to compel and his hourly rate. Regarding Mr. Miles, Mr. Cochran claims that he spent 9.5 hours researching and drafting the responsive papers. At his rate of $520 per hour, he claims that Mr. Miles incurred fees of $4940. (*See* ECF No. 12-1 ¶ 8). Regarding Mr. Hunsaker, Mr. Cochran claims that he spent 6.9 hours researching and drafting the responsive papers resulting in $3588 in legal fees.

Reviewing the opposition papers filed by Mr. Cochran on behalf of Mr. Miles and Mr. Hunsaker, the Court considers them to be substantially identical. Mr. Cochran cannot be paid twice for the same work. The Court invites Mr. Cochran, on behalf of Mr. Miles and Mr. Hunsaker, to submit a new motion for recovery of fees reflecting his actual time. That motion, should Mr. Cochran and his clients decide to file it, must be filed within two weeks of the date of this Order. Plaintiff will have one week to file any opposition.

## CONCLUSION

Plaintiff's Motions to Compel are DENIED. The subject subpoenas are quashed.

Dated: October 26, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge